# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE FRITCHER | CASE NO. 1:12-cv-02033-LJO-SMS |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND WITHIN THIRTY DAYS |
| USDA FOREST SERVICE; ED ARMENTO, Forest Supervisor; RANDY MOORE, Regional Forester; MARY WUESTER, Forest Service Employee, | (Doc. 1) |
| Defendants. | |

### Screening Order

Plaintiff Julie Fritcher, proceeding *pro se* and *in forma pauperis*, filed her complaint on December 14, 2012. She seeks damages, costs, and possibly injunctive relief. This matter has been referred to the magistrate judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

I.  **Screening Requirement**

A court has inherent power to control its docket and dispose of its cases with economy of time and effort for both the court and the parties. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). In cases in which the plaintiff is proceeding *in forma pauperis*, the Court must screen the complaint and must dismiss it at any time if it concludes that the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if

1

the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.     Pleading Standards**

Federal Rule of Civil Procedure 8(a) provides:

A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Each allegation must be simple, concise, and direct." F.R.Civ.P. 8(d).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies here. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S.Ct. at 1949.

A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-56 (*internal quotation marks and citations omitted*). Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Id.* at 555 (*citations omitted*).

/ / /

### III.   Plaintiff's Allegations

On or about December 16, 2011, Plaintiff met with Defendant Ed Armento, Forest Supervisor, to lodge a complaint against Defendant Mary Wuester, Employee, at the Forest Supervisor's Office in Bishop, California. Plaintiff also complained to Defendant Randy Moore, Regional Forester. Almost a year later, Plaintiff discovered that Armento and Moore had not investigated her complaint.

The remaining allegations in the complaint are legal conclusions, which do not count towards determining whether Plaintiff has stated a claim. Her lawsuit also names the United States Forest Service as a defendant.

### IV.   Discussion

#### A.   Plaintiff Fails to State a Claim For Which Relief Can Be Granted

Plaintiff describes so little about what happened that it is hard for the Court to even be sure what her claim is about. Plaintiff states that she went to Moore and Armento and made a complaint against Wuester. Her complaint was not investigated. Now she is suing these three people and the Forest Service.

To put it simply, Plaintiff has not described anything that each of these defendants actually did, or explained why it was wrong. To fix this problem, Plaintiff must say more about what each individual defendant did to her.

In addition, the things the defendants did must be more than just unfair to her. Each Defendant must have violated a federal law.[1] Her complaint falls short of this mark. For example, she states that two of the defendants, Moore and Armento, listened as Plaintiff made a complaint, and then did not act on her complaint. This does not state a claim. The Court sees no reason why these defendants had any duty under federal law to act on Plaintiff's complaint, let alone to listen to it.

To fix this problem, it will be helpful for Plaintiff to describe the provision of federal law

---

[1] There are some circumstances where a plaintiff would not need to show a violation of a federal law. For example, if Plaintiff and all Defendants were citizens of different states, then Plaintiff could sue in federal court for violations of state law. However, these exceptions do not seem to apply here.

that Defendants violated. This is not to say that Plaintiff is required to do this. All she has to do, strictly speaking, is to set forth sufficient factual matter to state a claim that is plausible on its face. But if Plaintiff wishes to help the Court understand why she is entitled to relief, it will be helpful for her to make this extra step of identifying a law that Defendants broke.

Plaintiff does try to do so, but each of her attempts either does not state a true federal claim or does not help the Court identify such a claim.

- She alleges that the federal court has jurisdiction "because it is a civil dispute between the United States Federal Government employees and Plaintiff/Petitioner." Complaint (Doc. 1) at 2. She adds that when the events in the complaint took place the Defendants were acting as "Employees of USDA Forest Service." *Id.* But a dispute with a person does not become a federal claim just because that person is a federal employee, or just because the dispute arises while that person is acting as a federal employee.

- She cites to the Indian Self Determination Act, but this is not helpful. The Act consists of multiple sections of Title 25 of the United States Code.

- The same is true of her reference to "Title 25 USC Chapter 15." This chapter contains many sections; one of these consists of all the limits on government power from the Federal Constitution that also apply to Indian tribes. 25 U.S.C. § 1302.

- Plaintiff also refers to 25 U.S.C. § 450, but this section only contains a "Congressional Statement of Findings" regarding the relationship of the federal government and the tribes.

- Plaintiff cannot claim a violation of 18 U.S.C. § 641 (theft of government funds), because private parties cannot file charges for violations of criminal provisions. Only prosecutors can.

- In this lawsuit and in previous lawsuits, Plaintiff refers to "the General Council Concept and the six (6) essential principles." However, she does not cite any authority showing that the "concept" and the "principles" are binding as law. Nor does she describe where the Concept and the six principles have been written down, thus leaving the Court unable to determine whether they are legal authorities of any kind. Until she does so, she does not help her case in any way by repeating this language.

**B.     Plaintiff May Not Raise Claims That Have Been Adjudicated**

Plaintiff's complaint presents another, more serious, problem: Plaintiff may be attempting to state claims which this Court has already dismissed with prejudice.

This is the fourth case that Plaintiff has filed in the federal court in Fresno in two years. (The other cases were 1:11-cv-01900; 1:11-cv-02071; and 1:11-cv-02072.) In the most recent case, 1:11-cv-02072, one of the named defendants included Mary Wuester. (In that case, Wuester was sued in her capacity as an officer of the Lone Pine Paiute-Shoshone tribe; in the present suit she is identified as an employee of the Forest Service.) And one of the claims in that case is identical to a

4

claim in the present case: "They have also denied not only my rights to political rights to participate and sit on committees in our community but the rights of those individuals that have elected me to sit on these committees." *Compare* Complaint (Doc. 1) at 4-5 *with* Complaint (Doc. 1, 11-cv-02072) at 4.

This is important because the earlier complaint was dismissed with prejudice and without leave to amend. Once a plaintiff's claim against a defendant has been dismissed with prejudice, the plaintiff may not again allege that same claim against the same defendant.

Plaintiff is reminded that, should she choose to amend her complaint, she must not try to re-allege claims that were dismissed with prejudice.

### C.  **Injunctive Relief**

In her request for relief, Plaintiff asks the Court "for immediate intervention to stop: federal employees from making decisions and for intervening in tribal business, follow the General Council Concept, 638 Contract, the Indian Self Determination Act ... and to stop violation of Civil Rights." If this is a request for injunctive relief, then Plaintiff should make that clear. She should state exactly what behavior by what Defendants she is seeking to enjoin.

In addition, this Court cannot enter a permanent injunction unless Plaintiff can demonstrate (1) that she has suffered irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between Plaintiff and the Defendants, an equitable remedy is warranted; and (4) that the public interest would be served by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006). Plaintiff's revision of the complaint may also be guided by F.R.Civ.P. 65(d)(1), which requires every order granting an injunction to state the reasons why it is issued; state its terms specifically; and describe in reasonable detail the act or acts restrained or required.

### V.  **Conclusion and Order**

Plaintiff's complaint fails to state a claim upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in the amended

5

1 complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). And Plaintiff must not include
2 claims from complaints that have been dismissed without leave to amend.

3       Plaintiff's amended complaint should be brief, but, as discussed above, must allege
4 sufficient facts to support each claim. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual
5 allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*,
6 550 U.S. at 555 (*citations omitted*). Plaintiff should focus on identifying her legal claims and
7 setting forth, as briefly but specifically as possible, the facts linking each Defendant to the claims
8 alleged against that defendant.

9       Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,
10 *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999); *King v.*
11 *Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the
12 prior or superceded pleading," Local Rule 15-220. "All causes of action alleged in an original
13 complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567;
14 *accord Forsyth*, 114 F.3d at 1474.

15       Based on the foregoing, it is HEREBY ORDERED that:
16     1.    Plaintiff's complaint is dismissed with leave to amend for failure to state a claim;
17     2.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an
18         amended complaint curing the deficiencies identified by the Court in this order; and
19     3.    If Plaintiff fails to file an amended complaint within **thirty (30) days** from the date
20         of service of this order, this action will be dismissed with prejudice for failure to
21         state a claim.

23 IT IS SO ORDERED.
24 **Dated:**   **February 13, 2013**      /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE